UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELVIS MAHIC,

Plaintiff,

v. Case No. 8:25-cv-02687-TPB-T_W

KAYLA LANSBERRY, et al.,

Defendants,

_______________________________________/

**ORDER**

Elvis Mahic, a convicted Florida prisoner, filed a Second Amended Complaint under 42 U.S.C. § 1983. (Doc. 22) Mahic sues members of the St. Petersburg Police Department for alleged constitutional violations that occurred during his arrest. Upon review, because the Second Amended Complaint fails to state a claim upon which relief may be granted, this case must be dismissed without prejudice. *See* 28 U.S.C. § 1915A (a district court must screen a complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted").

## I. Background

Mahic alleges that on March 8, 2022, between 9:00 p.m. and 2:00 a.m., members of the St. Petersburg Police Department searched his person in the hallway upon arriving at his apartment. (Doc. 22 at 16) Although officers did not find anything on Mahic, they handcuffed and arrested him. (*Id.* at 17) The police officers then entered and searched Mahic's home, which is located at 416 73rd Ave., No., Apartment #104, St. Petersburg, Florida, without his consent and without a warrant. (*Id.* at 16)

Mahic sues the defendants for unlawful arrest and malicious prosecution.[1] (*Id.* at 5) He seeks to recover $50,000,000 in damages, as well as punitive damages and injunctive relief. (*Id.*)

## II. Analysis

Mahic names as defendants the following members of the St. Petersburg Police Department in their individual capacities: Kayla Lansberry, Juan Segarra, Pavel Kuznetsov, Detty Minchol, Daniel J. Godsall, Michael F.

---

[1] Mahic also identifies "illegal search and seizure" as one of his claims. (Doc. 22 at 16 and 60) However, his 70-page Second Amended Complaint mostly consists of what appear to be quotations from the arresting officers' incident reports concerning Mahic's arrest, from trial testimony, and from legal authorities. The Court generously construes Mahic's operative pleading as attempting to state a claim for unlawful arrest, rather than illegal search of his home. *See Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) ("Federal Courts have long recognized that they have an obligation to look behind the label of a [pleading] filed by a *pro se* inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework.").

Karayianes, Ricardo J. Lopez, John R. Pace, Jonathan A. Schweiger, and Curtis Wright. He also names as a defendant the City of St. Petersburg.

In its earlier screening order, the Court already stated that Mahic cannot state a claim upon which relief may be granted for unlawful arrest. (Doc. 9 at 3–4) "A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests." *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020). Judicially noticed records show that Mahic was arrested on March 8, 2022, pursuant to a complaint and arrest affidavit that charged him with aggravated battery with a deadly weapon in violation of Florida Statute § 784.045(1)(A). *State v. Mahic*, No. 22-2288-CF-1 (Fla. 6th Jud. Cir.); *see also Carter v. Gore,* 557 F. App'x 904, 906 (11th Cir. 2014) ("The issuance of a warrant—even an invalid one as Carter alleges was issued here—constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest."). Therefore, Mahic's unlawful arrest claim must be dismissed.

Mahic asserts a malicious prosecution claim; however, it is not ripe for review. To establish a malicious prosecution claim, Mahic must allege facts showing "(1) [he] was seized under legal process; (2) the legal process justifying [his] seizure was constitutionally infirm; (3) the suit or proceeding terminated in [his] favor; and (4) the seizure would not otherwise be justified without legal

process." *Gervin v. Florence*, 139 F.4th 1236, 1248 (11th Cir. 2025). A claim for malicious prosecution accrues only when "the underlying criminal proceedings have resolved in the plaintiff's favor." *McDonough v. Smith*, 588 U.S. 109, 110 (2019); *see also Laskar v. Hurd*, 972 F.3d 1278, 1295 (11th Cir. 2020) ("[T]he favorable-termination requirement will bar a suit for malicious prosecution only when the prosecution remains ongoing or terminates in a way that precludes any finding that the plaintiff was innocent of the charges that justified his seizure. . . [.]"). The plaintiff must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Mahic does not allege that his conviction for aggravated battery has been invalidated. In fact, he is currently serving his sentence for aggravated battery. He cannot allege that the criminal charges for aggravated battery "terminated in his favor." *See Williams*, 965 F.3d at 1157. Accordingly, the malicious prosecution claim is not ripe for review, and the Second Amended Complaint must be dismissed without prejudice.

## III. Conclusion

Accordingly, Mahic's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Because further amendment would be futile at this time, the

Court denies leave to amend. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). The Clerk is directed to **CLOSE** this case.

DONE and ORDERED in Chambers in Tampa, Florida, this 24th day of July, 2026.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**